The decision of the court below, was affirmed by the Supreme Court, on October 19, 1874, in the following opinion:
Per Curiam.
This case turns on the terms of the reserved question, that being all that is before us. The question reserved was, whether a .verbal contract of insurance such as specified in the plaintiffs first point, is binding on the defendant, and entitles the plaintiff to recover in this action. Contracts of insurance are expressly required by the defendants’ charter to be in writing, under the seal *342 of the corporation and signature of the President or Vice President. The point referred to in the reservation does not raise a question of estoppel. It is not averred that the premium was paid and that the plaintiff had no knowledge of the charter requirement, nor is notice to the defendant of non-insurance in St. Louis averred in the point, though it is set forth as part of the transaction that the insurance should take effect if Capt. Kountz had not so insured the freight in St. Louis. This implies it was not to take effect if he had insured there. Notice of non-insurance was therefore essential to fix the defendants finally for payment. There being no sufficient ground of estoppel alleged the case fell back according to the terms of the reservation upon the mere binding effect of a verbal contract for insurance, and this the charter answers in the negative. The second question does not arise.
Judgment affimed.